IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

T.C. MATHIS, JR.                                                PLAINTIFF

v.                      CIVIL NO. 05-1080

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff T.C. Mathis, Jr., brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act. (Doc. # 1). The defendant filed an Answer to plaintiff's action on November 16, 2005, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 4). Plaintiff filed an appeal brief on December 12, 2005. (Doc. # 7).

On January 6, 2006, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 8). The defendant states that upon remand, the ALJ will be instructed to obtain a full description of all of plaintiff's past relevant work and compare the functional demands of plaintiff's past relevant work with plaintiff's established residual functional capacity (RFC). If necessary, the ALJ will also obtain evidence

from a vocational expert establishing whether plaintiff retains the RFC to perform his past relevant work as he performed it or as it is generally performed in the national economy or whether there are other jobs existing in significant numbers which plaintiff can perform considering his age, education, past work experience and RFC.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate.

Based on the foregoing, we find remand appropriate and grant the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 14th day of February 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)